**Opinion filed April 1, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00249-CR

_____

## DONELL EZELL MCBRIDE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23049A**

## M E M O R A N D U M   O P I N I O N

Donell Ezell McBride appeals his conviction of the offense of possession of cocaine with the intent to deliver, following his plea of guilty to the trial court. He entered the plea after his motion to suppress evidence was overruled. The trial court found him guilty and assessed his punishment at twenty years in the Texas Department of Criminal Justice, Institutional Division. McBride contends in two points on appeal that his rights under the Fourth Amendment of the United States Constitution and his rights under Article I, section 9 of the Texas Constitution against unreasonable searches and seizures were violated and that his right to effective assistance of counsel was denied when his

attorney's failure to inform him of a plea bargain offer resulted in him receiving a higher sentence than that proposed in the offer. We reverse the judgment and remand to the trial court for further proceedings consistent with this opinion.

McBride urges in Point One that his rights under the Fourth Amendment to the United States Constitution and his rights under Article I, section 9 of the Texas Constitution against unreasonable searches and seizures were violated. We interpret this point as an assertion that the trial court erred by overruling his motion to suppress evidence of the search of his vehicle that occurred after his arrest.

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). We review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *Id.* We will sustain the trial court's decision if it is correct on any theory of law applicable to the case. *Id.* McBride filed a motion to suppress in which he challenged the search of his vehicle as being in violation of his rights under the United States and the Texas Constitutions. At the hearing on the motion to suppress, Officer Jefferson testified that he stopped McBride because his vehicle had an expired inspection sticker. He indicated that he decided to arrest McBride after learning that his driver's license was suspended. However, before arresting McBride, Officer Jefferson allowed McBride to drive his vehicle to his residence, which was within a block, and park it. After McBride parked his vehicle, Officer Jefferson arrested him, handcuffed him, and took him to his patrol car. While searching McBride for weapons, Officer Jefferson discovered $2,500 in 5s, 10s, and 20s, neatly folded.

Officer Jefferson indicated that he searched McBride's vehicle incidental to his arrest. He stated that during the search he found marihuana and rock cocaine in an ashtray in the center console. McBride protested the search. Officer Jefferson related that he encountered the smell of burnt marihuana in the interior of the vehicle. McBride's vehicle was apparently locked prior to the search.

Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or if it is reasonable to

believe the vehicle contained evidence of the offense of arrest. *Arizona v. Gant*, ___ U.S. ___, 129 S. Ct. 1710, 1723, 173 L. Ed. 2d 485, 501 (2009). Because at the time of the search, McBride had been handcuffed and taken to the police unit, he was not within reaching distance of the passenger compartment, and there was no evidence that could support a reasonable belief that the vehicle would contain evidence of the offense justifying the arrest – that McBride was driving while his license was suspended. Consequently, police were without authority to search McBride's vehicle without a warrant as incident to his arrest for driving while his license was suspended.

The State, in a brief written prior to the United States Supreme Court's decision in *Gant*, urges that we should uphold the trial court's ruling, arguing that, as a search incident to McBride's arrest, it complied with the United States Supreme Court case of *New York v. Belton*, 453 U.S. 454 (1981). However, the Court in *Gant* held that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle. *Gant*, 129 S. Ct. at 1714. Because the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement did not justify the search in this case, we hold that the trial court abused its discretion by overruling McBride's motion to suppress. Consequently, we sustain McBride's first point on appeal. In view of our determination of that point on appeal, we need not determine McBride's second point on appeal.

We reverse the judgment and remand to the trial court for further proceedings consistent with this opinion.

PER CURIAM

April 1, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.